**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

RODOLFO ALEJANDRO MARTINEZ RAMOS,

Petitioner,

v. Case No. 2:26-cv-03461-MIS-KRS

WARDEN, in his capacity as Warden of Otero County Processing Center; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Rodolfo Alejandro Martinez Ramos's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed October 15, 2026. On October 28, 2026, the federal Respondents filed a "Response to [the] Petition." ECF No. 7.[1] Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition for the reasons set forth herein.

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 2. However, as has become customary in these cases, the Warden did not respond to the Petition.

## I. Factual Background

The Petitioner is a citizen of Mexico, who entered the United States on May 23, 2016, near Laredo, Texas. Pet. at ¶¶ 5-6. After his entry, Petitioner was apprehended and detained by U.S. Border Patrol and issued a Notice to Appear, dated October 8, 2026, to appear for removal proceedings. Id. at ¶ 6. He has resided in Dallas, Texas since his arrival. Id. at ¶¶ 5-7. Until recently, Petitioner had no criminal history. Pet. at ¶ 8.[2] However, on or about October 5, 2025, Petitioner was detained in the Martin County Detention Center in Stanton, Texas, on a criminal charge of evading and resisting arrest. Form I-213, ECF No. 7-1. United States Immigration and Customs Enforcement ("ICE") lodged an immigration detainer against him and took custody of him on October 7, 2026. Id. That day, ICE provided Petitioner a "Notice of Custody Determination" and in signing it, Petitioner requested an Immigration Judge review his custody status. ECF No. 7-3.

Petitioner filed the instant Petition on October 15, 2026. ECF No. 1. In addition, on October 27, 2026, an Immigration Judge initiated a bond hearing. Order of the Immigr. Judge, ECF No. 7-7. Respondents represent that the Immigration Judge did not act because at the hearing Petitioner indicated he was not aware of the hearing and was not prepared to proceed. Resp. at 1-2.

The Executive Office for Immigration Review's automated website ("EOIR") indicates Petitioner's removal proceedings are pending. EOIR Automated Case Information. He has been in immigration custody since his October 7, 2026, detention, and is currently detained at the Otero County Processing Center in Chaparral, New Mexico. Pet. at ¶¶ 9-10.

On October 16, 2026, the Court issued an Order to Answer and Enjoining Transfer instructing Respondents to show cause why the Court should not grant Petitioner habeas relief.

---

[2] Petitioner asserts that he has no pending criminal charges, which as noted, infra, Respondents dispute.

ECF No. 3. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holding in Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026) requires relief." Id.

## II. Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Discussion

Petitioner argues that his detention without a bond hearing violates his procedural and substantive Fifth Amendment due process rights, the Immigration and Nationality Act ("INA"), and the Administrative Procedures Act. Pet. at ¶¶ 29-53. He requests immediate release, or in the alternative a bond hearing pursuant to 8 U.S.C. § 1226(a). Id. at pp. 12-13. Petitioner also requests attorneys' fees and costs. Id. at 13. Respondents acknowledge that Tenth Circuit precedent, requires that noncitizens detained within the country are entitled to a bond hearing under 8 U.S.C. § 1226(a). Resp. at 3-4 (citing Santillan Quiroz v. Mullin, 180 F. 4th 1226 (10th Cir. 2026)).

Respondents state further that a bond hearing was scheduled for October 27, 2026, but did not proceed because Petitioner was not prepared. Id. at 4. Respondents conclude that "[u]nder Santillan Quiroz, the appropriate relief is to order the government to provide a bond hearing or else release the Petitioner." Id. at 4. However, they state they oppose Petitioner's request for immediate release, but do not offer a specific reason for that opposition. Id.

"Where, as here, 'a party files a response to a motion but does not address all arguments which the motion raises, the party has effectively conceded the arguments which it does not address.'" Alfaro Herrera v. Baltazar, Civil Action No. 1:25-cv-04014-CNS, 2026 WL 91470, at *5 (D. Colo. Jan. 13, 2026) (quoting Series 17-03-615 v. Teva Pharms. USA, Inc., 785 F. Supp. 3d 904, 935 (D. Kan. 2025)); see also C1.G on behalf of C.G. v. Siegfried, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court correctly dismissed plaintiff's facial challenge as "abandoned" where plaintiff failed to include that challenge in his response to arguments raised in defendant's motion to dismiss). Accordingly, the Court finds that Respondents' non-opposition to the Petition constitutes a concession that Petitioner is being detained in violation of his rights under the INA.

Indeed, in Santillan Quiroz, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." 180 F.4th at 1237. That is precisely the situation presented by this case. Accordingly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing would violate the INA, and, as such, he is entitled to habeas relief.

However, here, Respondents oppose Petitioner's immediate release but offer no explicit reason why. Resp. at 4. This is sloppy work for courts may not construct arguments for parties,

particularly those represented by counsel. Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir.1991). However, the Respondents do just enough in the response to establish they object to Petitioner's immediate release because they have attempted to provide him with a bond hearing, promptly after taking him into custody, which is all that §1226(a) requires. Resp. at 4. The Court therefore grants habeas relief and further finds, based on this record, that the appropriate remedy is to grant relief in the form of a bond hearing pursuant to 8 U.S.C. § 1226(a). The Court retains jurisdiction to ensure compliance with its Order.

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
2. Respondents are **ORDERED** to provide Petitioner Rodolfo Alejandro Martinez Ramos a bond hearing within seven (7) days, at which the Government bears the burden of proof and must prove by clear and convincing evidence that Petitioner poses a flight risk or danger to the community;
3. In the event the Government fails to meet its burden, bond **SHALL** be set at an amount Petitioner can reasonably afford;
4. If the Government fails to hold a bond hearing within seven (7) days, unless the delay is caused by Petitioner's request for additional time to prepare, Petitioner **SHALL** be released;
5. If Petitioner is released as a result of the bond hearing or failure to hold a bond hearing within seven (7) days, Petitioner **SHALL NOT** be re-detained unless Petitioner commits a crime or absconds, or unless a final order of removal is entered in which case Petitioner may be detained pursuant to 8 U.S.C. § 1231(a)(2)(A); and

6. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE